UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT ALLEN BALDWIN,

    Petitioner,

        v.                         CAUSE NO. 3:21-CV-273-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Scott Allen Baldwin, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-9-47)) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of unauthorized possession of property in violation of Indiana Department of Correction Offense 215. Following a hearing, he was sanctioned with a loss of ninety days of earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Baldwin argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support a finding of guilt for unauthorized possession of property. He maintains that he should have been found guilty of possession of tobacco in violation of Offense 305 instead.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will

> suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 215 as "unauthorized possession, destruction, alteration, damage to, or theft of property, State property, or property belonging to another person." The administrative record includes a conduct report in which a correctional officer represented that he found seven tubes containing an unknown substance and a black lighter in Baldwin's living quarters. ECF 2-1 at 1. The administrative record also includes statements from other correctional officers and inmates identifying the substance as tobacco. *Id.* at 6-8. Further, by conceding that that he possessed tobacco in violation of Offense 305, Baldwin also concedes that his possession of tobacco was unauthorized. Therefore, while the court cannot explain the charging decisions made in this case, the administrative record contains some evidence to support a finding that Baldwin had unauthorized possession of property. The argument that the administrative record lacked sufficient evidence to find Baldwin guilty of unauthorized possession of property is not a basis for habeas relief.

Baldwin argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He alleges that another inmate made inappropriate remarks to the hearing officer immediately before Baldwin's hearing, which upset the hearing officer. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper

bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains no indication that the hearing officer was personally involved in the incident described by the conduct report. Further, it is unclear why the hearing officer's frustration toward another inmate would have caused her to develop bias toward Baldwin or why it would have otherwise made her more likely to find Baldwin guilty. Consequently, the court finds that Baldwin has not satisfied the high standard for demonstrating improper bias and that the claim of improper bias is not a basis for habeas relief.

Because Baldwin has not asserted a valid claim for habeas relief, the habeas petition is denied. If Baldwin wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Scott Allen Baldwin leave to proceed in forma pauperis on appeal.

SO ORDERED on May 10, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT